# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

TREMAYNE DONSHAY STEWART                            MOVANT/DEFENDANT

v.                                                      CRIMINAL ACTION NO. 1:07CR-31-TBR

UNITED STATES OF AMERICA                              RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION AND ORDER

Movant/Defendant Tremayne Donshay Stewart ("Stewart") filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 73). The United States filed a response (DN 75), and Stewart filed three replies (DNs 76, 78 & 79). For the reasons that follow, the § 2255 motion will be denied.

## I.

In the § 2255 motion (DN 73), Stewart claims, "In calculating all of my time served, time for good behavior, and the time that was to be ran concurrently with my sentence of imprisonment I was serving in Warren Circuit Court . . . I feel my sentence should be vacated, set aside, or corrected which would result in my release." Further, he states that he has "contacted James A Earhart CJA Appointment whom has been trying to contact the BOP [Bureau of Prisoner] to see if they could make the proper adjustments to my sentence, and to send me my prison record's to reflect my good time reduction's ect."

In response (DN 75), the United States argues that the relief Stewart seeks is not cognizable under § 2255. Rather, asserts the government, in claiming that he has not received the proper credit for time served, Stewart is actually challenging the manner in which his sentence is being executed, and his challenge should be brought as a habeas petition under 28 U.S.C. § 2241. Further, the United States indicates that before a § 2241 petition can be filed,

Stewart first must have exhausted the administrative remedies available through the BOP. The United States argues that while Stewart states that he contacted his CJA appointed attorney who purportedly asked that "proper adjustments" be made to his sentence, he sets forth no facts showing he has exhausted his remedies available through the BOP or indicating whether the BOP has taken up any request.

Thereafter, Stewart filed three documents (DNs 76, 78 & 79), which the Court construes as replies to the United States's response. Therein, Stewart asserts that his § 2255 motion is the proper vehicle through which to bring his claim. He also more specifically states the relief sought, *i.e.*, "Credited Time Served July 11th, 2007 date terminated September 23rd, 2008 that [he] did not receive." Stewart does not contradict the United States's assertion that he failed to exhaust available administrative remedies through the BOP.

## II.

In the instant case, Stewart seeks jail credit for time served.

Under 18 U.S.C. § 3585(b), "[a] district court may review the BOP's calculation, but may not compute sentencing credit in the first instance, for it is the Attorney General [through the BOP], not the court, who has the authority to calculate sentence credits for time served before sentencing." *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)).

Contrary to Stewart's assertion that § 2255 is the proper means to bring his action, a prisoner "may seek judicial review of the computation of this credit under 28 U.S.C. § 2241[.]" *United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001). And he may seek credit under § 2241 "only after he has sought administrative review and has exhausted all of his administrative remedies" through the BOP. *Id.*; *see also Woody v. Marberry*, 178 F. App'x 468,

2

471 (6th Cir. 2006) ("Under § 2241, . . . a court can grant relief when sentencing credits are miscalculated."); *United States v. Chase*, 104 F. App'x 561, 562 (6th Cir. 2004) ("Only after a prisoner has exhausted his remedies through the Bureau of Prisons, see 28 C.F.R. §§ 542.10-.16, may the prisoner then seek judicial review pursuant to 28 U.S.C. § 2241.").

Here, Stewart fails to show that he has exhausted his available administrative remedies through the BOP. For this reason, the Court will not construe Stewart's § 2255 motion as a § 2241 petition for writ of habeas corpus. The Court will deny the § 2255 motion as improper and dismiss the action without prejudice to Stewart filing a § 2241 petition following exhaustion of available administrative remedies through the BOP. **The Clerk of Court is DIRECTED to send Stewart a § 2241 packet should he choose to use it following exhaustion**.

### III.

Before Stewart may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484. When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration, the Court is satisfied that no jurists of reason would find its ruling debatable or wrong.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Movant/Defendant, *pro se*
United States Attorney
4413.005